IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

Florence Chichester

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

NYS Education Department - Adult Career and Continuing Education Services Vocational Rehabilitation - ACCES-VR

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV18 1493

*(to be filled in by the Clerk's Office)*

AZRACK, J.

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

LINDSAY, M.J.


RECEIVED
MAR 05 2018
PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

 MAR 05 2018 

LONG ISLAND OFFICE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Florence Chichester
   Street Address: 118-46 197th Street
   City and County: Saint Albans, Queens
   State and Zip Code: NY 11412
   Telephone Number: (917) 942-9124
   E-mail Address: flochichester@gmail.com

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1

   Name  Agency: NY State Education Department
   Job or Title Department: ACCES-VR
   (if known)
   Street Address: 89 Washington Avenue Suite 528B
   City and County: Albany
   State and Zip Code: New York 12234
   Telephone Number: (518) 474-5215
   E-mail Address:
   (if known)

   Defendant No. 2

   Name:
   Job or Title:
   (if known)
   Street Address:
   City and County:

2

State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name *NYS Education Department (ACCES-VR)*
Street Address *89 Washington Avenue 528B*
City and County *Albany*
State and Zip Code *NY    12234*
Telephone Number *(518) 474-5215*

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- ☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- ☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☐ Other federal law *(specify the federal law)*: _____

☐ Relevant state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☐ Termination of my employment.
☒ Failure to promote me.
☒ Failure to accommodate my disability.
☒ Unequal terms and conditions of my employment.
☒ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) __8/12/16, 10/18/16, 11/7/16, 11/25/16; 8/25/17, 10/24/17, 12/26/17, 1/8/18__

4

C. I believe that defendant(s) *(check one)*:

☑ is/are still committing these acts against me.
☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☑ disability or perceived disability *(specify disability)* PTSD

E. The facts of my case are as follows. Attach additional pages if needed.

Please see attached statement detailing facts

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

5

**E: The facts of my complaint are as follows:**

Since filing my previous complaints in 2015 and 2016 with NYSDHR and EEOC, I have been subjected to the following acts by NYSED ACCES-VR:

1) Threatened with termination on 8/12/16, 8/25/17 and again on 12/26/17 **(Exhibit A)**. Although medical reports and letters dated 9/7/16, 9/13/16, 10/5/17, 10/5/17, 10/18/17, and 1/8/18 substantiates medical clearance for me to return to work on 10/7/16 and again on 10/7/17 **(Exhibit B),** I was not given the opportunity to return. Additionally, the State did not provide me with a civil service medical examination or evaluation as mentioned in the letter from Human Resources dated 9/21/16, up to this date **(Exhibit C),**

2) Failure to promote me to a position I interviewed for on 11/7/2016, failure to return me to my previous job as an Integrated Employment Specialist with medical clearance, and failure to appoint me to another NYSED office to work in an alternate position utilizing my transferable skills.

3) Denied me reasonable accommodations on 10/18/16 when I first applied; then one year passed after they refused to return me to work or offer me any alternatives, instead they threatened to terminate me once again so I submitted a second request for these reasonable accommodations and on 10/24/17; that too resulted in a denial although my doctor explicitly expressed and substantiated the medically necessary reasonable accommodations and clearly indicated that a relocation to another office is medically necessary. It took one year for the State to only partially approved the reasonable accommodations while they denied the pertinent accommodation that has a direct effect on my health. Once again, the State did not offer me any alternatives outside of terminating my employment **(Exhibit A, Exhibit B, Exhibit D).**

4) Retaliated against me by using language from a previously filed NYSDHR case **(Exhibit D * *)** to deny me medically necessary reasonable accommodations on 10/18/16 and again on 10/24/17. I was outright denied a relocation to another office due to my Post Traumatic Stress Disorder (PTSD) and Pheochromocytoma tumor[i] symptoms being exacerbated in that work environment located in the Long Island district office where I was subjected to harassment, bullying, hostility, discrimination and retaliation as well as other stressful and unhealthy work conditions. My subsequent requests were submitted by a licensed medical doctor **(Exhibit B).**

1

5) On January 8, 2018, I submitted a letter responding to the State's "Intent to Terminate" me letter, and in my response letter, I expressed some of the aforementioned concerns. I also further submitted my resignation in said letter **(Exhibit F)**. To date, I have not heard a word from the State although I've made a follow-up call to Ms. Cassandra Allison, Director of Labor Relations in HR; however, that resulted in me being told by her assistant that she is unavailable and that she would return my call; to date, I have not received a return call from Ms. Cassandra Allison. I feel that the State forced me out of work by their continuous threats of termination while placing me on leave without pay and discontinuing my health and all other employee benefits. These acts by the State created a substantial financial hardship for me by not receiving my income and my medical benefits. I also have an immense amount of difficulty securing employment in the field of vocational rehabilitation as the NYS Education Department Office of Career and Continuing Education Services-ACCES-VR holds contract with the majority of service providers in the State and mandates two years of no contact with providers or face being charged with conflict of interest, so this leaves me stagnated at this point. In addition to these acts, by receiving any communication from the State as to whether or not my resignation is approved, leaves me with a great deal of uncertainty and with undue stress and anxiety. As a result, my options for employment in my field of expertise and passion are significantly hampered if not completely eliminated. As a result, I am seriously concerned that the State is still committing those retaliatory acts against me.

In 2004, I was hired as a Vocational Rehabilitation Counselor in the Manhattan District Office under the 55-B Program which is the New York State Governor's program for hiring and accommodating individuals with disabilities. My disability is classified as PTSD and also as an Orthopedic ailment due to a Gun Shot Wound (GSW). The reasonable accommodations that I was certified for during my hiring process are: to work in a low stressful work environment and also to be provided with a flexible work schedule to allow time off for medically necessary appointments, this was documented in a 55-B Certificate letter. With that being the case, for the next ten years, I demonstrated my commitment to the job and received excellent performance evaluations every year.

In 2014, I interviewed and was selected for an IES1 (Integrated Employment Specialist 1) position which was a promotion of two grade levels. This position was in the Hauppauge, Suffolk County, Long Island Office and was also classified under the aforementioned 55-B program. Unlike the previous ten years, shortly

after having begun my work in the Hauppauge, Long Island office, I experienced harassment, bullying, hostility, public humiliation, discrimination and retaliation.

As soon as I was exposed to this work environment that began to exacerbate my PTSD symptoms, I made several complaints to my immediate supervisor. Despite my continuous efforts to follow office procedure in my desire to address the situation, no solution was offered for many months during which time the harassment and bullying continued. Only after I filed a formal complaint through the Union and NYSDHR was a solution offered: limiting my contact with the involved individual to email correspondence. The solution also resulted in a significant increase in my job responsibilities. Needless to say, the solution was ineffectual as the individual continued to make false allegations and harass me via the email and my job became overly stressful due to the increased responsibilities.

After I filed my Union Complaint and later on, my Human Rights Complaint, my Human Resources department undertook what they alleged to be a thorough investigation of all the involved parties, with the exception of myself. I was not allowed an interview and therefore my side was untold.

After 16 long months of doing my best to work with and within the system, the effects of a very stressful and hostile work environment took its toll on my health. The extremely stressful conditions affected my blood pressure which triggered a Pheochromocytoma tumor[1] resulting in me becoming severely ill. This eventually led to surgery and a lengthy sick leave.

My complaint with the Division of Human Rights resulted in them finding my allegations unfounded stating that it was of a personal nature, "personality issue" although I provided evidence illustrating this to be untrue. I was questioned while hospitalized and under the effect of medication. Due to my medical condition, I was unable to appeal the decision before the deadline. Additionally, my recent case with NYSDHR also resulted in a No Probable Cause decision. I completely ran out of money by exhausting my retirement plan, savings and running up a number of loans and debts, I also worked at a number of different temporary jobs outside of my field of expertise to earn a living and stay a productive member of society and not a burden to the system. I tried to very hard to find the means to protect my job and defend my disability and employment rights, but I was not able to proceed any further in paying for legal services to appeal the NYSDHR decision and therefore,

---

[1]

I am proceeding with this EEOC complaint in the hope that I may receive counsel and it will be given a fair hearing.

I also previously filed an EEOC complaint in federal court in 2016 after I received permission to sue the state then; so, I proceeded. However, I am under the impression that my case had been ill prepared, and it ended up resulting in a dismissal due to lack of jurisdiction.

I am a Certified Rehabilitation Counselor (CRC), Licensed Mental Health Counselor (LMHC) and Board Certified Professional Counselor (BCPC). I earned my Master of Arts Degree in Applied Psychology from New York University (NYU) and have applied this valuable education to my work for New York State's ACCES-VR agency for over 12 years. I have worked in both the private and public sector. I chose to leave the private sector and obtain a Master's degree in order to become a Vocational Rehabilitation Counselor because I hold firmly to the belief that individuals with disabilities are valuable assets to society and can secure gainful employment despite their functional limitations. ACCES-VR's vision is "All individuals with disabilities who want to work will have the opportunity to achieve employment and independence." For the past twelve years as an ACCES-VR Counselor, I have adhered to this vision and I have let it guide me to ensure that the vision becomes reality for those who want it to be.

I am an individual with a disability. I want to work, and I believe that just as I have worked toward assisting individuals to achieve that end, the State should work with me so that I too can achieve and succeed in the job I truly love and have a passion for, that is, providing services and advocating for individuals with disabilities to reach their fullest potential. I do have a need for medically necessary reasonable accommodations. These accommodations were known to the State when they first hired me 12 years ago. These accommodations have not changed dramatically since that initial job offer. What changed is a work environment that precluded me from performing my essential functions. What changed is an agency that appears to want its counselors to embrace its vision, but not for the agency itself to want to embrace it to benefit its employees.

I have always been respectful of office procedures and enlisted office hierarchy to address any issues of concern. Not until my experience in the Hauppauge, Long Island office have I had any difficulties with my work. I have stood up for my consumer's rights under the American with Disabilities Act (ADA) as an employee of the state Vocational Rehabilitation program and I am standing up for my own

4

rights under that same law. The federal government entrusted this very agency to enforce this law by providing vocational rehabilitation services for all individuals with disabilities who want to work and also by us educating employers about accommodating their employees with disabilities. With this being the case, my employer, the enforcer of the ADA, failed to provide me, their own employee with a disability, the required reasonable accommodations or adequate alternatives to address my need of such. Instead, I continue to suffer the consequences of my complaint against the State through their discriminatory and retaliatory actions. Rather than taking my concerns seriously when first raised, they preferred to ignore the situation and further an environment of harassment and hostility. Had this been a consumer, I would have been held to a different standard of action. Rather than act with compassion and dignity they preferred to retaliate. Had this been a consumer, I would have been held to a different standard of action. Rather than offer meaningful alternatives and options, they preferred to force me from my job. Had this been a consumer, I would have been held to a different standard of action.

Although I have been cleared by a licensed medical doctor to return to work and to perform the full functions of my job as an IES1 as documented in several medical reports and letters, the State has chosen to ignore my documentation of workplace violence and harassment and the deleterious ways in which it affected my health. The oppressive, offensive and distressing atmosphere under which I was forced to work affected my health and thereby interfered with my ability to perform. By denying me my accommodation requests, the department is, in effect, jeopardizing my health by forcing me to return to a work environment where recurring toxic behaviors have exacerbated my health conditions in the past and where I have no reason to believe will not do so again.

Furthermore, my professional credibility has been tarnished by the fact that my case and confidential health information has been discussed with other employees as well as providers of services in the Long Island Region.

There are 15 ACCES-VR district offices Statewide with numerous positions to which my skillset and education are easily transferable, yet I was never offered an opportunity of consideration for any of those positions.

While ACCES-VR's Mission and Vision speak to assisting individuals with disabilities to achieve and maintain employment as well as viewing all individuals

5

with disabilities who want to work to have the opportunity to do so, it appears that this holds only for participants of services and not employees.

Because of all that to which the State has subjected me, I believe that I had no other option but to regretfully submit my resignation and, further, execute my Rights of Appeal by filing a discrimination and retaliation complaint with the EEOC.

I humbly appreciate your attention to this case and truly respect your determination and judgment of my rights under the ADA and the Employment Law with regards to this discrimination and the retaliation that I am subjected to by the State on the basis of my disability.

---

[i] Pheochromocytoma is a rare tumor that usually starts in the cells of one of your adrenal glands. Although they are usually benign, pheochromocytomas often cause the adrenal gland to make too many hormones. This can lead to high blood pressure and cause symptoms....

Pheochromocytoma causes a variety of signs and symptoms, including (in alphabetical order):

- Abdominal pain
- Constipation
- Chest pain
- Dizziness
- Elevated blood sugar
- Facial flushing (redness)
- High blood pressure
- Increased respiratory rate
- Nausea
- Nervousness, anxiety, and irritability
- Pale skin tone
- Rapid heart rate and heart palpitations
- Severe headaches
- Sweating
- Visual disturbances
- Weight loss

*Source: https://medlineplus.gov/pheochromocytoma.html*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* or around October 24th, 2017 - filed by previous attorney, Lloyd Somer, (Exhibit E)

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* December 7, 2017

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Loss of time and wages compensation damages
Defamation of Character and Professional Credibility compensation damages
Financial hardship in the form of legal expenses, medical expenses and undue stress and anxiety
Mandatory training for all staff including management on compliance to ADA Disability Accommodations compliance

6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/5, 2018

Signature of Plaintiff _____
Printed Name of Plaintiff Florence Chichester

7

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Florence Chichester<br>118-46 197th Street<br>Saint Albans, NY 11412 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-02477 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*[signature]*
Kevin J. Berry,
District Director

December 4, 2017
*(Date Mailed)*

cc:

Attn: Director of Human Resources
**NEW YORK STATE DEPARTMENT OF EDUCATION**
Office of General Counsel 89
Washington Avenue, Rm 148
Albany, NY 12234

Lloyd Somer, Esq.
330 Seventh Avenue, 15th Floor
New York, NY 10001